NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10249 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00248-WBS |
| v. | |
| GABRIEL CARACHEO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Gabriel Caracheo appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291, and we vacate and remand.

Caracheo contends that he is eligible for a sentence reduction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Davis*, 825 F.3d 1014, 1019 n.6 (9th Cir. 2016) (en banc). Because Caracheo was sentenced after the district court accepted the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, he is not eligible for relief under section 3582(c)(2) unless "the district court's decision to accept the plea and impose the recommended sentence was based on the Guidelines." *Id*. at 1027 (internal quotations omitted).

The Supreme Court recently clarified that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). The district court in this case did not have the benefit of *Hughes* when it denied Caracheo's motion; therefore, we vacate its order denying relief and remand. On remand, the district court shall determine whether Caracheo is eligible for a sentence reduction under *Hughes* and, if so, whether he should receive a reduction in light of the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

**VACATED and REMANDED.**

17-10249